**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MICHAEL NOWORYTA**                                                                            **PLAINTIFF**

**v.**                                                                        **No.** 5:23-cv-7-DCB-FKB

**PIKE COUNTY, MISSISSIPPI;
OFFICE OF THE DISTRICT
ATTORNEY FOR THE 14TH JUDICIAL
DISTRICT OF MISSISSIPPI;
TIMOTHY MOORE; MARTEZ
SIMPSON; AND JOHN DOES 1-15**                                                   **DEFENDANTS**

**COMPLAINT**

Plaintiff, Michael Noworyta, by and through the undersigned counsel and pursuant to 42 U.S.C. §1983 and related authorities, files this his Complaint against the Defendants for deprivation of Plaintiff's constitutional rights, and in support thereof would show unto the Court the following:

**PARTIES**

1. Plaintiff, Michael Noworyta is an adult resident citizen of Pike County, Mississippi.

2. Defendant Pike County, Mississippi is a political subdivision of the State of Mississippi, and may be served with process by effecting same upon the Pike County Chancery Clerk, Becky Buie, 200 E. Bay St, Magnolia, Mississippi 39652, or by any other means permitted by the *Federal Rules of Civil Procedure*.

3. Defendant Office of the District Attorney for the 14th Judicial District of Mississippi is a political subdivision of the State of Mississippi, and may be served with process by effecting same upon the Pike County District Attorney, Dee Bates, 284 E. Bay St, Magnolia, Mississippi 39652, or by any other means permitted by the *Federal Rules of Civil Procedure*.

4.      Defendant Timothy Moore is an adult resident citizen of Pike County, Mississippi. He was at all times complained of herein a Pike County Deputy Sheriff. He is sued in his individual capacity. He may be served wherever he may be found.

5.      Defendant Martez Simpson is upon information and belief an adult resident citizen of Madison County, Mississippi. He was at all times complained of herein employed as an agent for the Mississippi Bureau of Narcotics. He is sued in his individual capacity.

6.      Defendants John Does 1-5 are unknown persons employed in the Office of the District Attorney for the 14th District of Mississippi, which prosecutes state felony offenses in Pike County, Mississippi. They may be added as Defendants when their identities become known. They are sued in their individual capacity.

7.      Defendants John Does 6-10 are unknown persons employed in the office of the Pike County Sheriff who were involved with or responsible for the investigation of what is described herein below as Charge 2. They may be added as Defendants when their identities become known. They are sued in their individual capacity.

8.      Defendants John Does 10-15 are any unknown entities and/or persons who may have been responsible for or who may have contributed to the injuries and damages alleged herein. They may be added as Defendants when their identities become known.

## JURISDICTION AND VENUE

9.      This action arises under the United States Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

10.     This Court has personal jurisdiction over all of the parties.

11. Venue is proper pursuant to 28 U.S.C. § 1391, in that the substantial acts and/or omissions and events that caused Plaintiff's injuries and damages described herein occurred in the Southern District of Mississippi, Western Division.

## FACTS

12. On May 1, 2019, Plaintiff was arrested in Pike County, Mississippi and charged with unlawful possession of greater than .1 grams but less than 2 grams of methamphetamine. In this Complaint, this charge is referred to as "Charge 1".

13. Plaintiff made bond on Charge 1 and was released from custody.

*The False Arrest*

14. While out on bond on Charge 1, Plaintiff was arrested on January 9, 2020 by Defendants Timothy Moore and Martez Simpson. At the time of the arrest, Defendant Moore was acting under color of law as a deputy sheriff for Pike County, Mississippi, and Defendant Simpson was acting under color of law as an agent of the Mississippi Bureau of Narcotics.

15. At the time of the arrest on January 9, 2020, the Plaintiff was unhoused. He was keeping table salt in a Ziploc bag, and the Plaintiff told Defendants Moore and Simpson that the substance was table salt. Despite the obvious difference in smell and appearance between methamphetamine[1] and table salt, these Defendants knowingly and maliciously falsely charged the Plaintiff with Possession of Methamphetamine with Intent to Distribute. In this Complaint, this charge is referred to as "Charge 2."

16. Art. 3, § 29 of the Mississippi Constitution of 1890 requires that a defendant's bail be revoked when there is probable cause to believe that while on bail he committed a crime

---

[1] Methamphetamine is either an off-white, powdery substance resembling chalk dust or a crystal substance resembling fragments of glass, depending on the method of production.

punishable by more than 5 years imprisonment. Because the potential punishment for Charge 2 exceeded 5 years, Plaintiff's bond in Charge 1 was revoked.

*All Defendants Become Aware of Plaintiff's Actual Innocence*

17.     The alleged methamphetamine related to Charge 2 was sent to the Mississippi Forensics Laboratory for testing on or about January 15, 2020, mere days after Plaintiff was arrested on Charge 2.

18.     On February 11, 2020, the analysis by the Mississippi Forensics Laboratory was completed and the results published. The Mississippi Forensics Laboratory report related to that testing is attached hereto as Exhibit 1 and incorporated herein by reference.

19.     The Mississippi Forensics Laboratory test found that "no controlled substances were detected." *See* Exhibit 1 at p. 1.

20.     On that very same day, February 11, 2020, the Mississippi Forensics Laboratory report finding that no controlled substances were detected (Exhibit 1) was distributed to Defendants Simpson, Defendant Office of the District Attorney, and John Does 1-5, as well as others. Further, Defendant Simpson communicated the results of the drug analysis to Defendants Moore and John Does 6-10.

21.     Within 33 days of Plaintiff being arrested for allegedly possessing a large quantity of methamphetamine, it was determined that he had not been in possession of any unlawful substance whatsoever. Despite this knowledge, all Defendants worked together and separately to keep the Plaintiff subjected to criminal charges for Charge 2 until approximately May 5, 2021.

22.     Accordingly, from February 11, 2020 until May 5, 2021 - a period of 450 days - Plaintiff was under prosecution for Charge 2 and faced all of the harms and losses associated from

being under a felony criminal charge for that time after all Defendants knew that there was no factual or legal basis for Charge 2.

*The First Unconstitutional Pike County Policy/Custom*

23. Defendant Pike County, Mississippi, has an official policy or custom of not producing exculpatory evidence in its possession until after indictment. In fact, the Pike County Sheriff has no written policy at all regarding production of exculpatory evidence at any time. This policy/custom was created by the Pike County Sheriff himself or his deputy in charge of the Pike County Sheriff's Department's investigative policies and customs. This policy/custom led directly to the Plaintiff being incarcerated for an extra 450 days without justification. Had a policy of producing exculpatory evidence prior to indictment been in place, the Plaintiff would not have been held unconstitutionally for 450 days.

24. It was readily apparent to the Pike County Sheriff and his deputy in charge of the Pike County Sheriff's Department's investigative policies and customs that a constitutional violation such as that suffered by the Plaintiff was the highly predictable consequence of this policy/custom of not producing exculpatory evidence. All Pike County Defendants acted with deliberate indifference to the known and obvious consequences that constitutional violations such as the one perpetrated against the Plaintiff would result.

*The Second Unconstitutional Pike County Policy/Custom*

25. Defendant Pike County, Mississippi, has an official policy or custom of not timely reviewing the status of the investigations against the prisoners in their custody. While a written policy regarding review of the jail population exists, no written policy or procedures exist mandating the review of the status of the investigations against the prisoners in their custody. To the extent such written policies and procedures do exist, they are not followed. This lack of written

policy and procedures was itself the creation of an informal policy/custom by the Pike County Sheriff himself or his deputy in charge of the Pike County Sheriff's Department's jail policies and customs. This policy/custom of not reviewing the status of investigations against prisoners in their custody directly caused the Plaintiff to be incarcerated for an extra 450 days without justification. Had a policy of timely reviewing the status of the investigations against the prisoners in their custody been in place, the Plaintiff would not have been held unconstitutionally for 450 days.

26. It was readily apparent to the Pike County Sheriff and his deputy in charge of the Pike County Sheriff's Department's jail policies and customs that a constitutional violation such as that suffered by the Plaintiff was the highly predictable consequence of this policy/custom of not timely reviewing the status of the investigations against the prisoners in their custody. All Pike County Defendants acted with deliberate indifference to the known and obvious consequences that constitutional violations such as the one perpetrated against the Plaintiff would result.

*The First Unconstitutional Policy/Custom of the Office of the District Attorney for the 14th Judicial District of Mississippi*

27. Defendant Office of the District Attorney for the 14th Judicial District of Mississippi, has an official policy or custom of not producing exculpatory evidence in its possession until after indictment. This policy/custom was created by the District Attorney himself or his assistant district attorney in charge of preparing cases for and presenting cases to the grand jury. This policy/custom led directly to the Plaintiff being incarcerated for an extra 450 days without justification. Had a policy of producing exculpatory evidence prior to indictment been in place, the Plaintiff would not have been held unconstitutionally for 450 days.

28. It was readily apparent to the District Attorney and his assistant district attorney in charge of preparing cases for and presenting cases to the grand jury that a constitutional violation such as that suffered by the Plaintiff was the highly predictable consequence of this policy/custom

of not producing exculpatory evidence. Defendants Office of the District Attorney and John Does 1-5 acted with deliberate indifference to the known and obvious consequences that constitutional violations such as the one perpetrated against the Plaintiff would result.

*The Second Unconstitutional Policy/Custom of the Office of the District Attorney for the 14th Judicial District of Mississippi*

29.     Defendant Office of the District Attorney for the 14th Judicial District of Mississippi, has an official policy or custom of not timely presenting cases to the grand jury for consideration. This policy/custom was created by the District Attorney himself or his assistant district attorney in charge of preparing cases for and presenting cases to the grand jury. This policy/custom led directly to the Plaintiff being incarcerated for an extra 450 days without justification. Had a policy of timely presenting cases to the grand jury been in place, the Plaintiff would not have been held unconstitutionally for 450 days.

30.     It was readily apparent to the District Attorney and his assistant district attorney in charge of preparing cases for and presenting cases to the grand jury that a constitutional violation such as that suffered by the Plaintiff was the highly predictable consequence of this policy/custom of not timely presenting cases to the grand jury for consideration. Defendants Office of the District Attorney and John Does 1-5 acted with deliberate indifference to the known and obvious consequences that constitutional violations such as the one perpetrated against the Plaintiff would result.

*The Third Unconstitutional Policy/Custom of the Office of the District Attorney for the 14th Judicial District of Mississippi*

31.     Defendant Office of the District Attorney for the 14th Judicial District of Mississippi, has an official policy or custom of not monitoring the progress of felony cases against individuals held in pre-indictment detention. This policy/custom was created by the District

Attorney himself or his assistant district attorney in charge of preparing cases for and presenting cases to the grand jury. This policy/custom led directly to the Plaintiff being incarcerated for an extra 450 days without justification. Had a policy of monitoring the progress of felony cases against individuals held in pre-indictment detention been in place, the Plaintiff would not have been held unconstitutionally for 450 days.

32. It was readily apparent to the District Attorney and his assistant district attorney in charge of preparing cases for and presenting cases to the grand jury that a constitutional violation such as that suffered by the Plaintiff was the highly predictable consequence of this policy/custom of not monitoring the progress of felony cases against individuals held in pre-indictment detention. Defendants Office of the District Attorney and John Does 1-5 acted with deliberate indifference to the known and obvious consequences that constitutional violations such as the one perpetrated against the Plaintiff would result.

*The Fourth Unconstitutional Policy/Custom of the Office of the District Attorney for the 14th Judicial District of Mississippi*

33. Defendant Office of the District Attorney for the 14th Judicial District of Mississippi, has an official policy or custom of not reviewing the transmissions of the Mississippi Forensics Lab for reports of clean test results and immediately making the magistrate aware of the lack of probable cause. This policy/custom was created by the District Attorney himself or his assistant district attorney in charge of preparing cases for and presenting cases to the grand jury. This policy/custom led directly to the Plaintiff being incarcerated for an extra 450 days without justification. Had a policy of reviewing the transmissions of the Mississippi Forensics Lab for reports of clean test results and immediately making the magistrate aware of the lack of probable cause been in place, the Plaintiff would not have been held unconstitutionally for 450 days.

34.     It was readily apparent to the District Attorney and his assistant district attorney in charge of preparing cases for and presenting cases to the grand jury that a constitutional violation such as that suffered by the Plaintiff was the highly predictable consequence of this policy/custom of not reviewing the transmissions of the Mississippi Forensics Lab for reports of clean test results and immediately making the magistrate aware of the lack of probable cause. Defendants Office of the District Attorney and John Does 1-5 acted with deliberate indifference to the known and obvious consequences that constitutional violations such as the one perpetrated against the Plaintiff would result.

35.     As a result of aforementioned conduct, Plaintiff suffered injuries and damages, both economic and non-economic, to be revealed in discovery and proven at trial.

## COUNT I

### *VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS (42 U.S.C. § 1983) - INITIAL SEIZURE*

36.     Plaintiff incorporates by reference, as if fully reproduced herein, the allegations contained in the preceding paragraphs of this Complaint.

37.     In their capacity as law enforcement officers, Defendants Moore and Simpson unlawfully seized the Plaintiff, without a warrant, and deprived him of his liberty without probable cause to believe that he had committed a crime.

38.     After Defendants Moore and Simpson arrested the Plaintiff without probable cause, they subsequently provided one or more false statements to an independent magistrate in support of a finding of probable cause, and did so knowingly, intentionally, and/or with a reckless disregard for the truth. Defendants Moore and Simpson knew or should have known the substance in the Ziploc bag was not methamphetamine at the time of the arrest and at the time of the making of the false statement or statements to the independent magistrate.

39. As set forth above, Defendants Moore and Simpson, under color of state law, subjected the Plaintiff to, or caused the Plaintiff to be subjected to, the deprivation of his Fourth Amendment rights under the United States Constitution to be free from false arrest.

40. This deprivation caused the Plaintiff to suffer damages and harm. As a direct and proximate result of the conduct of Defendants Moore and Simpson, wherein they deprived Plaintiff of his right to be free from false arrest, the Plaintiff has suffered damages, entitling him to compensation.

## COUNT II

### *VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS (42 U.S.C. § 1983) - CONTINUED ILLEGAL DETENTION*

### *As to the Individual Capacity Defendants*

41. Plaintiff incorporates by reference, as if fully reproduced herein, the allegations contained in the preceding paragraphs of this Complaint.

42. After the initial seizure, all individual capacity Defendants became aware that the sole basis for the Plaintiff's ongoing and continued seizure – the allegedly illegal nature of the substance in his possession – was invalid through their receipt of Exhibit 1. Despite knowing that the Plaintiff was being deprived of his liberty solely because of an accusation they knew to be false, all individual capacity Defendants withheld that information in furtherance of the Plaintiff's illegal detention. Each and every individual capacity Defendant knew the allegation against the Plaintiff was false, and not a single one of them informed the magistrate of the false nature of the charge. Each and every Defendant had this knowledge for a period of 450 days and still refused to make the magistrate aware of the complete lack of probable cause.

***As to Defendants Pike County and Office of the District Attorney***

43. This gross, systemic failure of the individual capacity Defendants occurred only because of the official policies/customs of Defendants Pike County and Office of the District Attorney. As set forth above, Pike County, Mississippi, through its Sheriff's Department, maintains at least two unconstitutional policies/customs, namely those of not producing exculpatory evidence and of not timely reviewing the status of investigations against the prisoners in its custody. Also as set forth above, the Office of the District Attorney for the 14th Judicial District of Mississippi maintains at least four unconstitutional policies/customs, namely those of not producing exculpatory evidence prior to indictment, of not timely presenting cases to the grand jury, of not monitoring the progress of felony cases against individuals held in pre-indictment detention, and of not reviewing the transmissions of the Mississippi Forensics Lab for reports of clean test results and immediately making the magistrate aware of the lack of probable cause.

44. As set forth above, all Defendants, acting under color of state law, subjected the Plaintiff to, or caused the Plaintiff to be subjected to, the deprivation of his Fourth Amendment rights under the United States Constitution to be free from unreasonable seizure.

45. This deprivation caused the Plaintiff to suffer damages and harm. As a direct and proximate result of the conduct of Defendants Moore and Simpson, wherein they deprived Plaintiff of his right to be free from false arrest, the Plaintiff has suffered damages, entitling him to compensation.

## COUNT II

### *VIOLATION OF PLAINTIFF'S SIXTH AND/OR FOURTEENTH AMENDMENT RIGHTS (42 U.S.C. § 1983) – RIGHT TO COUNSEL*

46. Plaintiff incorporates by reference, as if fully reproduced herein, the allegations contained in the preceding paragraphs of this Complaint.

47. At all times relevant hereto, Plaintiff had a federal constitutional right to counsel upon the commencement of adversary criminal proceedings against him.

48. Defendant Pike County, pursuant to its policy of not providing an indigent felony criminal defendant with court-appointed counsel during the pre-indictment phase of a criminal proceeding, failed to appoint a lawyer to represent the Plaintiff, despite the fact that the Plaintiff was incarcerated for 483 days.

49. Defendant Pike County also failed to appoint counsel to represent the Plaintiff when a determination was made regarding the denial of/revocation of bail.

50. The actions of Defendant and its employees and agents as described herein constituted a deprivation of the right to counsel, in violation of the Sixth and/or Fourteenth Amendments to the Constitution of the United States.

51. The violation and deprivation of Plaintiff's rights is attributable to the enforcement of a custom, policy, practice, or decision of Defendant Pike County as described herein.

52. The deprivation of Plaintiff's right to counsel caused Plaintiff to suffer damages and harm.

53. As a direct and proximate result of the aforementioned conduct of Defendant, wherein it deprived Plaintiff of certain rights guaranteed by the Constitution of the United States, the Plaintiff has suffered damages, entitling him to compensation.

## JURY DEMAND

54. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

55. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

    a. That judgment be rendered in favor of the Plaintiff and against the Defendant on all causes of action and legally cognizable damages, including economic and non-economic damages, asserted herein in an amount to be determined by a jury under applicable law.

    b. That Plaintiff be awarded reasonable expenses incurred in this litigation, including attorney's fees and expert fees as well as pre- and post-judgment interest, pursuant to 42 U.S.C. § 1988 and related authority.

    c. That the Plaintiff receive any other further relief to which he is entitled.

Respectfully submitted, this the 9th day of February, 2023.

MICHAEL NOWORYTA

BY:   */s/ J. Matthew Eichelberger*
      **J. MATTHEW EICHELBERGER**

**OF COUNSEL:**

J. Matthew Eichelberger (MSBN 101060)
EICHELBERGER LAW FIRM, PLLC
308 E. Pearl Street, Suite 201
Jackson, MS 39201
T: 601-292-7940
F: 601-510-9103
E: matt@ike-law.com

Graham P. Carner (MSBN 101523)
GRAHAM P. CARNER, PLLC
775 N. Congress Street
Jackson, MS 39202
T: 601-949-9456
E: graham.carner@gmail.com

14